Office of the Attorney General · State of Texas



August 29, 2000

The Honorable Chris D. Prentice
Hale County Attorney
500 Broadway, Suite No. 80
Plainview, Texas 79072

Opinion No. JC-0273

Re: Whether a county tax assessor-collector who collects the motor vehicle inventory tax must register with the Texas Board of Tax Professional Examiners, and related questions (RQ-0210-JC)

Dear Mr. Prentice:

The commissioners court of a county may enter into an interlocal contract authorized by section 6.24(b) of the Tax Code with an appraisal district or another taxing unit for the collection of the county's taxes. You have asked this office whether a tax assessor-collector, whose county has entered into such a contract, remains exempt from the registration requirements of the Board of Tax Professional Examiners if the assessor-collector receives the motor vehicle inventory tax reports and payments mandated by section 23.121 and 23.122 of the Tax Code. *See* TEX. TAX CODE ANN. §§ 6.24(b); 23.121, .122 (Vernon 1992 & Supp. 2000); *see also* TEX. REV. CIV. STAT. ANN. art. 8885, § 11B (Vernon Supp. 2000) (county tax assessor-collector exempt from registration with the Board of Tax Professional Examiners if contract exists pursuant to section 6.24(b) of the Tax Code). We conclude that the receipt of such reports and payments is collecting taxes, that the collection of such taxes is not consistent with the statutory requirements for an interlocal contract under section 6.24(b) of the Tax Code and that the collection of such taxes is inconsistent with the purpose of section 11B of article 8885 of the Revised Civil Statutes, which is "to waive the registration requirement [of article 8885, section 11] for county assessor-collectors *who do not perform property tax functions*." S.J. OF TEX., 76th Leg., R.S. 2257-58 (1999) (statement of legislative intent by Senator Moncrief) (emphasis added). Whether any particular contract fails to meet the requirements of section 6.24(b), or whether any particular course of dealings violates such a contract, are questions requiring the interpretation of such a contract and determinations of matters of fact, and are therefore outside the purview of the opinion process. *See* Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2 ("[I]nvestigation and resolution of fact questions [ ] cannot be done in the opinion process."); M-187 (1968) at 3 ("[T]his office is without authority to make . . . factual determinations."); O-2911 (1940) at 2 ("[T]his . . . presents a fact question which we are unable to answer.").

Article 8885 of the Revised Civil Statutes establishes and governs the Board of Tax Professional Examiners. The purpose of the act is "to assure the people of Texas that the responsibility of assessing property for taxation is entrusted only to those persons duly registered and competent according to the regulations provided by this Act." TEX. REV. CIV. STAT. ANN. art.

8885, § 1 (Vernon Supp. 2000). To that end, among those persons required to register with the Board of Tax Professional Examiners are "the tax assessor-collector, tax collector, or other person designated by the governing body of a taxing unit as the chief administrator of the unit's assessment functions, collections functions, or both." *Id.* art. 8885, § 11(2). There are two statutory exceptions to this registration requirement. Section 11A exempts the tax assessor-collector of a county with a population of 1,000,000 or more. *See id.* art. 8885, § 11A. Section 11B, with which you are concerned, exempts a county assessor-collector "if the county has contracted under Section 6.24(b), Tax Code, to have its taxes assessed and collected by another taxing unit or an appraisal district." *Id.* art. 8885, § 11B.

Section 6.24(b) of the Tax Code provides:

> The commissioners court with the approval of the county assessor-collector may contract as provided by the Interlocal Cooperation Act with the governing body of another taxing unit in the county or with the board of directors of the appraisal district for the other unit or the district to perform duties relating to the assessment or collection of taxes for the county. If a county contracts to have its taxes assessed and collected by another taxing unit or by the appraisal district, *the contract shall require the other unit or the district to assess and collect all taxes the county is required to assess and collect.*

TEX. TAX CODE ANN. § 6.24(b) (Vernon 1992) (emphasis added).

In 1998, before the addition of section 11B to article 8885, this office considered whether the assessor-collector of a county which had executed such a contract was exempt from the registration requirements of article 8885. In Attorney General Opinion DM-470, we concluded that in such a case, the assessor-collector was not "actively engaged in appraisal, assessment, or collection for a taxing unit," *see* TEX. REV. CIV. STAT. ANN. art. 8885, § 15 (Vernon Supp. 2000), and accordingly was not required to register. *See* Tex. Att'y Gen. Op. No. DM-470 (1998) at 6.

The result of Attorney General Opinion DM-470 was, in essence, codified by the legislature in 1999, when it enacted section 11B. The language of section 11B was added to Senate Bill 674 by amendment in the Texas House of Representatives. When the Senate considered the House's amendments of SB 674 on May 21, 1999, Senator Moncrief, the bill's sponsor, entered a statement concerning the legislative intent in the Senate Journal:

> SB 674 as amended by the House adds a new Section 11B to Article 8885, Revised Statutes, which exempts a county tax assessor-collector from registering with the BTPE [Board of Tax Professional Examiners] if the county has contracted to have its property taxes assessed and collected by another local government. Section 11B is

> not intended to prohibit registration by anyone. The purpose of the section is to waive the registration requirement for county assessor-collectors *who do not perform property tax functions.*

S.J. OF TEX., 76th Leg., R.S. 2257-58 (1999) (statement by Senator Moncrief) (emphasis added).

You suggest that in certain counties in which contracts under section 6.24(b) have been executed, and hence the contracting unit or appraisal district is required "to assess and collect all taxes the county is required to assess and collect," TEX. TAX CODE ANN. § 6.24(b) (Vernon 1992), the assessor-collector is nevertheless "receiv[ing] the payments for the Motor Vehicle Inventory Tax (MVIT) and then pass[ing] the funds along to the appropriate entity." Request Letter.[1] You ask whether such an activity constitutes the collection or assessment of taxes, whether the receipt "of money and monthly reports related to the motor vehicle inventory tax [must] be included in [a] contract [pursuant to § 6.24b]," and whether collectors "lose their exemption under Article 8885, Section 11B" if they receive such deposits. Request Letter, *supra* note 1, at 2.

The provisions for taxation of the inventory of a dealer in motor vehicles to which you refer are to be found in sections 23.121 and 23.122 of the Tax Code. As this office explained the statutory scheme in Attorney General Letter Opinion No. 98-085:

> Section 23.122 of the Tax Code . . . provides for the collection and administration of property taxes imposed by all taxing units authorized to tax motor vehicle inventory in the county. Sections 23.121 and 23.122 together create a special inventory category for dealer's motor vehicles and require a dealer to make monthly deposits with the collector as prepayment of property taxes imposed on the inventory by relevant taxing units. Under section 23.122, a dealer must file with the collector a monthly statement covering the sale of each motor vehicle sold in the prior month and remit the total amount of taxes assigned to those motor vehicles sold. The collector in turn must deposit the taxes remitted in the dealer's escrow account that the collector is also required to maintain for each dealer at the county depository.

Tex. Att'y Gen. LO-98-085, at 1-2 (footnotes omitted). In LO-98-085, this office considered whether the duties of the assessor-collector with regard to the motor vehicle inventory tax could be the subject of a section 6.24(b) contract, and concluded that they could: "There is no reason to believe that the legislature did not intend section 6.24(b) to apply to tax collections under section 23.122." *Id.* at 4.

---

[1]Letter from Honorable Chris D. Prentice, Hale County Attorney, to Office of the Attorney General of Texas (Mar. 29, 2000) (attached Brief In Support of Request for Attorney General Opinion) (on file with Opinion Committee).

You ask, in effect, two related questions: first, whether the taking of reports and deposits pursuant to section 23.122 constitutes the collecting of taxes; and second, whether a county which has entered into a section 6.24(b) contract with an appraisal district must include in that contract a provision requiring the appraisal district to collect the motor vehicle inventory tax. *See* Request Letter, *supra* note 1, at 2. As to the first question, in our view it was implicitly answered in the affirmative by Letter Opinion 98-085. The very acts about which you ask were in that opinion said to be the appropriate subject of a section 6.24(b) contract – a contract, that is to say, for the collection of taxes. *See* Tex. Att'y Gen. LO-98-085, at 4. Article 8885, section 2(6) defines "collections" to mean "those functions described in Chapter 31 and Sections 33.02, 33.03, and 33.04, Tax Code." TEX. REV. CIV. STAT. ANN. art. 8885, § 2(6) (Vernon Supp. 2000). The receipt of payments is explicitly referenced in section 31.06, for example, of the Tax Code, which permits a collector to accept currency of the United States, checks, money orders, credit cards, or electronic funds transfers. *See* TEX. TAX CODE ANN. § 31.06 (Vernon Supp. 2000). The receipt of motor vehicle inventory tax prepayments is unquestionably the collection of taxes within the meaning of article 8885.

As to your second question, section 6.24(b) explicitly requires that, when a county enters into a contract under it with another taxing unit or an appraisal district, "the contract shall require the other unit or the district to assess and collect all taxes the county is required to assess and collect." *Id.* § 6.24(b) (Vernon 1992). The motor vehicle inventory tax is, pursuant to sections 23.121 and 23.122, a tax the county is required to assess and collect. It therefore follows that the collection of motor vehicle inventory tax prepayments must be included in a contract under section 6.24(b).

Your final question is whether the collection of such payments and the receipt of the attendant monthly reports will cause assessor-collectors to "lose their exemption under Article 8885, Section 11B." Request Letter, *supra*, note 1, at 1. Again we note that we cannot interpret particular contracts or make determinations with regard to particular fact situations. However, it is clear that the exemption provided by section 11B is premised upon a section 6.24(b) contract and that such a contract is statutorily required to provide that the assessor-collector cede to the appraisal district or taxing unit the duty "to assess and collect *all* taxes the county is required to assess and collect." TEX. TAX CODE ANN. § 6.24(b) (Vernon 1992) (emphasis added). The assessor-collector cannot pick and choose. The purpose of the exemption is, as Senator Moncrief's statement pointed out, to waive registration requirements for assessor-collectors "who do not perform property tax functions." S.J. OF TEX., 76th Leg., R.S. 2257 (1999). The collection of taxes is the performance of such a function. Accordingly, such activity does not come within the exemption provided to assessor-collectors by article 8885, section 11B.

# S U M M A R Y

An interlocal contract between an assessor-collector and an appraisal district or other taxing unit pursuant to Tax Code section 6.24(b) requires the taxing unit or appraisal district to collect all taxes the county is required to assess and collect. The motor vehicle inventory tax is a tax the county must assess and collect. As such, the tax must be included in an interlocal contract under section 6.24(b). The collection of such taxes by an assessor-collector, rather than pursuant to the section 6.24(b) interlocal contract, precludes application of article 8885, section 11B of the Revised Civil Statutes exempting assessor-collectors from regulation by the Texas Board of Tax Professional Examiners.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee